**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**AKRAM FARGHALY and RANIA MOHAMED,**          Dkt No: 16 CV 06660 (NG)(SMG)
                              **Plaintiff(s),**
           -against-                                **SECOND AMENDED COMPLAINT**


**THE CITY OF NEW YORK, NEW YORK**
**POLICE DEPARTMENT TRAFFIC AGENT**
**MARION MITCHELL, SHIELD # 2532, and**
**NEW YORK POLICE DEPARTMENT**
**POLICE OFFICER ALVIN SOTO, SHIELD**
**# 25083,**
                              **Defendant(s).**
-----------------------------------------------------------------X

**NOW COMES AKRAM FARGHALY** and **RANIA MOHAMED**, by and through their attorney, **REHAN NAZRALI, ESQ.** as and for their complaint against the Defendants, and respectfully shows to this Court and allege as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation by Defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny Plaintiff his civil rights, all of which arise under Federal Law, particularly Title 42 U.S.C. §§ 1983 and 1988, and the Constitution, Laws and Statutes of the United States and the State of New York.

## JURISDICTION AND VENUE

2. This action arises under the United States Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, particularly Title 42 of the United States Code, §§ 1983, 1985, 1986 and 1988. This Court also has jurisdiction of this case under and by virtue of Title 28 of the United States Code,

§§ 1331, 1342 (4) and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE PARTIES

4. At all times hereinafter mentioned, PLAINTIFF, **AKRAM FARGHALY**,(hereinafter **Mr. FARGHALY**") was a resident and still is a resident of the County of Kings, City and State of New York. **Mr. FARGHALY** resides at 2056 71st Street, 2nd FL, Brooklyn, NY 11204.

5. At all times hereinafter mentioned, PLAINTIFF, **RANIA MOHAMED,** Spouse of **AKRAM FARGHALY** (hereinafter "**Mrs. MOHAMED**") was a resident and still is a resident of the County of Kings, City and State of New York. **Mrs. MOHAMED** resides at 2056 71st Street, 2nd FL, Brooklyn, NY 11204.

6. Upon information and belief, that at all times, Defendant **CITY OF NEW YORK (**hereinafter known as the **"CITY")**, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, that at all times**,** the defendant **CITY**, its agents, servants and employees operated, maintained and controlled the **NEW YORK POLICE DEPARTMENT, TRAFFIC DEPARTMENT**, and all the traffic officers thereof, in particular defendant Traffic Agent **MARION MITCHELL** (hereinafter "Agent **MITCHELL**"), SHIELD #2532, of the T-106 Command in the County of New York, City and State of New York.

8. Upon information and belief, that at all relevant times hereinafter**,** the defendant **CITY**, its agents, servants and employees operated, maintained and controlled the **CITY OF NEW YORK POLICE DEPARTMENT**, and all the police officers thereof, in particular defendant Police Officers **ALVIN SOTO** (hereinafter "Officer **SOTO**), SHIELD # 25083, of the 17th Precinct.

9. Upon information and belief, at all relevant times hereinafter mentioned, and on or prior to November 2, 2015, Defendant, Agent **MITCHELL**"), SHIELD #2532, was employed by the **CITY,** as a **NEW YORK POLICE DEPARTMENT**, Traffic Agent.

10. Upon information and belief, at all relevant times hereinafter mentioned, and on or prior to November 2, 2015, Defendants, Police Officers **SOTO** SHIELD # 25083 was employed by the **CITY,** as police officers and assigned to the **NEW YORK POLICE DEPARTMENT** - 17th Precinct.

## PENDANT STATE CLAIMS:

11. That the a Notice of Claim was filed for Damages for assault and battery, False arrest & False imprisonment, violation of Civil rights, negligence & intentional infliction of emotional distress, negligence in hiring and retaining, negligence in performance and negligence in training and supervising. The nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly served upon the Comptroller of the City of New York on January 29, 2016.

12. That more than 30 days have elapsed since the Notice of Claims have been served upon Defendant **CITY** and other defendants, **CITY**'s employees, servants, representatives and so on. Those said Defendants have neglected to or refused to make any adjustments or payment thereof..

13. That on or about May 3, 2016 a 50-h hearing was held regarding the incident complained of on January 29, 2016 before an employee, agent, and/or representative of the Defendant, **CITY.**

14. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTS

15. That the incident evinced a grave pattern of serious legal and constitutional violations all of which gave rise to this complaint and the several causes of action subsumed thereunder all of which took place and arose in the County of New York, City and State of New York.

16. That the incident occurred on or about November 2, 2015 at approximately 1:32 PM whereon **Mr. FARGHALY**, was at or about the corner of 55th Street on Lexington Avenue at or near its intersection with 56th Street and Lexington Avenue at the location known as 667 Lexington Avenue in or by the taxi stand thereat in the City of New York, New York State.

17. That at the approximate date and time, **Mr. FARGHALY** was walking, on Lexington Avenue from 55th Street toward 56th Street, to the corner of the block thereat and toward the aforementioned taxi stand where his vehicle, a yellow colored 2014 Ford Taxi bearing a New York State license plate number 2A16J, was lawfully parked.

18. That as **Mr. FARGHALY** was approaching his vehicle thereat, he observed defendant Agent **MITCHELL**, walking toward the next taxi parked behind **Mr. FARGHALY'**s vehicle; realized that defendant Agent MITCHELL had placed traffic violation summons upon his aforesaid vehicle; and asked him in sum and substance: "why are you giving me ticket?! I parked legally!"

19. That Agent **MITCHELL** turned around and faced **Mr. FARGHALY** and stated in sum and substance: "because I feel like it. Simple as that."

20. That upon stating that, Agent **MITCHELL** continued to walk toward the other vehicles in the taxi stand.

21. That **Mr. FARGHALY** followed Agent **MITCHELL** and stated in sum and substance: "This is very unfair, I work a whole day hard for this money and you want me to give it away."

22. That Agent **MITCHELL**, approximately two (2) feet from **Mr. FARGHALY** turned around and stated in sum and substance the following: "Get the fuck out of my face before I punch you in your face!"

23. That being alarmed and shocked by the statement of Agent **MITCHELL**, **Mr. FARGHALY** stated in sum and substance as follows: "show me how you do it."

24. That Agent **MITCHELL** suddenly struck **Mr. FARGHALY**, without warning, with a closed right fist on the right side of face striking his right cheek causing the left side of his body to come into contact with the top of the front hood of his vehicle from where he rolled off thereat causing his whole left side to strike the ground.

25. That **Mr. FARGHALY** raised his left hand to the left part of his face seconds before his body hit the ground thereby causing his left hand to strike violently against the ground.

26. That **Mr. FARGHALY** thereupon attempted to raise himself up from the ground using both his hand to get up whereupon Agent **MITCHELL**, using his official walkie-talkie did forcibly strike **Mr. FARGHALY** with same on his right cheek near his right ear.

27. That the force applied by Agent **MITCHELL** to strike **Mr. FARGHALY** was powerful to the extent that it cause his head to swing in the opposite direction causing his forehead to strike the left side bumper of his vehicle.

28. That because **Mr. FARGHALY**'s two hands were both braced against the ground in an effort to raise himself up, he was able to absorb the blow and still get up.

29. That upon lifting himself of the ground, **Mr. FARGHALY** demanded to know why Agent **MITCHELL** had struck him.

30. That Agent **MITCHELL** sought to leave the scene of the incident whereupon **Mr. FARGHALY** opened his vehicle's front door and retrieved his cell phone and called 911.

31. That while **Mr. FARGHALY** was calling the emergency police, he demanded Agent **MITCHELL** remain at the scene.

32. That Agent **MITCHELL** did not stop or remain at the scene but continued to walk away.

33. That at that point **Mr. FARGHALY** approached Agent **MITCHELL** in an attempt to dissuade him from walking away whereupon Agent **MITCHELL** did push, shove and tussle with **Mr. FARGHALY** and walked away from the scene.

34. That a few minutes after Agent **MITCHELL** left the scene, Defendant Officer **SOTO**, responding to **Mr. FARGHALY**'s 911 emergency call, appeared on the scene.

35. That **Mr. FARGHALY** complained to Officer **SOTO** that Agent **MITCHELL** had struck him without provocation and/or any justification and injured him.

36. That **Mr. FARGHALY** showed Officer **SOTO** the injuries he sustained on his face and body from the Agent **MITCHELL**'s assault and battery upon him.

37. That **Mr. FARGHALY** did introduce witnesses to Officer **SOTO** for corroboration on his account of Agent **MITCHELL**'s assault and battery upon his person.

38. That Officer **SOTO** disregarded and dismissed **Mr. FARGHALY**'s account of the occurrence without any proper investigation regarding the witnesses presented such as Mr. Osten, a manager of a store near the nail salon where **Mr. FARGHALY**'s vehicle was parked across.

39. That Instead, Officer **SOTO** seized, detained and handcuffed **Mr. FARGHALY** in an effort to assist Agent **MITCHELL** and cover up the true cause, nature and extent of **Mr. FARGHALY**'s injuries.

40. That Officer **SOTO** also took **Mr. FARGHALY** to the 17th Precinct where he charged him with crimes of Obstructing Governmental Authority in the second degree, Disorderly Conduct and Harassment in Second Degree, all in an effort to cover up the assault and battery against **Mr. FARGHALY**.

41. That **Mr. FARGHALY** was booked, fingerprinted and detained in the 17th Precinct until he was later removed to the Central Booking, New York County where he spent almost approximately 48 hours.

42. That **Mr. FARGHALY** was thereafter arraigned before a Judge in the criminal court on the aforementioned charges all in a calculated effort to cover up the true cause of assault and battery against him and to prevent him from filing a civil lawsuit for relief for the injuries that he sustained.

43. That the court released **Mr. FARGHALY** on his arraignment.

44. That the court dismissed in entirety the criminal charges filed by Officer **SOTO** against **Mr. FARGHALY** pending an ACD.

45. That the traffic infraction summons issued by Agent **MITCHELL** against **Mr. FARGHALY** was also dismissed.

46. That **RANIA MOHAMED** the spouse of **Mr. FARGHALY** suffered emotionally and psychologically because of her husband's injuries and has since also been deprived of his services.

47. That **Mr. FARGHALY** did not at any point in time consent, agree, or admit to being held in detention nor did he plead guilty to any of the charges against him.

48. That the actions of all defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages as to all defendants with the exception of the municipality.

49. As a direct and proximate result of the said acts of the defendants, **Mr. FARGHALY** suffered the following injuries and damages:

    a. Violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution;
    b. Loss of physical liberty;
    c. Life threatening physical injuries, pain and suffering, extreme fear, emotional trauma, requiring the expenditure of money for treatment for the rest of his life;
    d. Economic damages including loss of income; and
    e. Humiliation, embarrassment, and injury to reputation

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF MR. FARGHALY
FOR UNREASONABLE AND EXCESSIVE FORCE UNDER 42 USC §1983 AS AGAINST DEFENDANTS CITY, AGENT MITCHELL AND POLICE OFFICER SOTO:**

50. The Mr. **FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 49, of this civil complaint as though fully plead and re-alleged in their entirety below.

51. That the above describe conduct that took place on November 2, 2015 at the subject times and place by the defendant **CITY** through and/or by the actions of its agents, servants and employees, namely Agent **MITCHELL** and Officer **SOTO**, constitutes unreasonable and excessive force in that the conduct was violent, unprovoked and did cause harmful and/or offensive bodily contact to the person of **Mr. FARGHALY** and that this conduct upon **Mr. FARGHALY** was carried out by the defendants Agent **MITCHELL** and Officer **SOTO**, and/or other servants, agents and/or employees of the defendant **CITY**.

52. That at the time of **Mr. FARGHALY**'s arrest, the Defendants **CITY** and Defendants Agent **MITCHELL** and Officer **SOTO** lacked justification or probable cause: (a) to believe that **Mr. FARGHALY** had committed a crime; (b) to believe that the **Mr. FARGHALY** was about to commit a crime; and (c) to use excessive force against **Mr. FARGHALY**.

53. By their conduct, defendant **CITY** through and/or by the actions of its agents, servants and employees, namely defendants Agent **MITCHELL** and Officer **SOTO**, under color of law, deprived **Mr. FARGHALY** of his constitutional right to be free from excessive and unreasonable force.

54. By reason of the foregoing, **Mr. FARGHALY** was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue her usual and regular activities; and upon information and belief her injuries are permanent in nature and effect.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF Mr. FARGHALY**
**FOR FALSE ARREST UNDER  42 USC §1983**
**AS AGAINST DEFENDANTS CITY AND POLICE OFFICER SOTO:**

55. The **Mr. FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 54, of this civil complaint as though fully plead and re-alleged in their entirety below.

56. That Fourth Amendment of the Constitution of the United States protects right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

57. That the above described false arrest, false imprisonment, assault and battery that took place on November 2, 2015 at the subject times and place by the defendant **CITY** through and/or by the actions of its agents, servants and employees, namely Officer **SOTO**, constitutes arrest and imprisonment without probable cause in violation of **Mr. FARGHALY**'s right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

58. That at the time of the **Mr. FARGHALY**'s arrest, Defendants Officer **SOTO** acted under color of law and were exercising their responsibilities pursuant to state law and under the directives of the Defendants **CITY**.

59. That at the time of **Mr. FARGHALY**'s arrest, the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Officer **SOTO** lacked probable cause: (a) to believe that the Mr. **FARGHALY** had committed a crime; (b) to believe that the **Mr. FARGHALY** was about to commit a crime; and (c) to commence a criminal prosecution against the **Mr. FARGHALY**.

60. That at the time of **Mr. FARGHALY**'s arrest, the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Officer **SOTO**, acted with malice towards **Mr. FARGHALY** as the motivation for his assault, battery and arrest.

61. That as a result of **Mr. FARGHALY**'s unlawful arrest, he was taken into police custody and taken to jail where he was incarcerated.

62. By reason of the foregoing, **Mr. FARGHALY** was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue her usual and regular activities; and upon information and belief her injuries are permanent in nature and effect.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF Mr. FARGHALY
### FOR FALSE IMPRISONMENT UNDER 42 USC §1983
### AS AGAINST DEFENDANTS CITY AGENT MITCHELL AND POLICE OFFICER SOTO:

63. The Mr. **FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 62, of this civil complaint as though fully plead and re-alleged in their entirety below.

64. That Fourth Amendment of the Constitution of the United States protects right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

65. That the actions of the Defendant Agent **MITCHELL** Officer **SOTO** as described above constituted arrest and imprisonment without probable cause in violation of **Mr. FARGHALY**'s right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

66. That at the time of **Mr. FARGHALY**'s arrest, Defendants Agent **MITCHELL** Officer **SOTO** acted under color of law and were exercising their responsibilities pursuant to state law and under the directives of the Defendants **CITY**.

67. That at the time of **Mr. FARGHALY**'s arrest, the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendant Agent **MITCHELL** Officer **SOTO** lacked probable cause: (a) to believe that the **Mr. FARGHALY** had committed a crime; (b) to believe that the **Mr. FARGHALY** was about to commit a crime; and (c) to commence a criminal prosecution against the **Mr. FARGHALY**.

68. That at the time of **Mr. FARGHALY**'s arrest, the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendant Agent **MITCHELL** Officer **SOTO** acted with malice towards the **Mr. FARGHALY** as the motivation for his arrest.

69. That as a result of **Mr. FARGHALY**'s unlawful arrest, he was taken into police custody and taken to jail where he was incarcerated.

70. By reason of the foregoing, **Mr. FARGHALY** was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue her usual and regular activities; and upon information and belief her injuries are permanent in nature and effect.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF Mr. FARGHALY FOR FIRST AND FOURTEENTH AMENDMENT VIOLATION UNDER 42 USC §1983 AS DEFENDANTS CITY, AGENT MITCHELL AND POLICE OFFICER SOTO

71. The **Mr. FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 71, of this civil complaint as though fully plead and re-alleged in their entirety below.

72. That the actions of the defendant **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Agent **MITCHELL** and Officer **SOTO** as described heretofore constituted breach of freedom of speech and retaliatory and/or vindictiveness in violation of **Mr. FARGHALY** First and Fourteenth Amendment rights to free speech and right to have access to and seek redress in the courts.

73. That at the time of the **Mr. FARGHALY**'s assault and battery, arrest and imprisonment, Defendants Agent **MITCHELL** and Officer **SOTO** acted under color of law and were exercising their responsibilities pursuant to state law and under the directives of the Defendants **CITY**.

74. That at the time of **Mr. FARGHALY**'s arrest, the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Agent **MITCHELL** and Officer **SOTO** lacked probable cause: (a) to believe that the **Mr. FARGHALY** had committed a crime; (b) to

believe that the **Mr. FARGHALY** was about to commit a crime; and (c) to commence a criminal prosecution against the **Mr. FARGHALY**.

75. That at the time of **Mr. FARGHALY**'s arrest, the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Agent **MITCHELL** and Officer **SOTO** each had opportunities to intercede and or intervene on behalf of **Mr. FARGHALY** to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

76. By reason of the foregoing, **Mr. FARGHALY** was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue her usual and regular activities; and upon information and belief her injuries are permanent in nature and effect.

### AS AND FOR FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF Mr. FARGHALY
### PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT AGAINST THE DEFENDANTS, CITY AND POLICE OFFICER SOTO

77. The **Mr. FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 76, of this Complaint as though fully plead and re-alleged in their entirety below.

78. That the false arrests and false imprisonments that took place on November 2, 2015 at the subject times and place by the defendant **CITY** through and/or by the actions of its agents, servants and employees, namely Defendant Agent **MITCHELL** who provided false information to Officer **SOTO** after he had arrested Mr. **FARGHALY,** who had confined him thereto and did continue with such unlawful confinement without warrant; that Mr. **FARGHALY** was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged.

79. That the aforementioned false arrest and false imprisonment of Mr. **FARGHALY** was carried out by police officers and or other servants, agents and/or employees of the defendant **CITY**.

80. That the aforementioned false arrest and false imprisonment of Mr. **FARGHALY** was carried by defendants Agent **MITCHELL** Officer **SOTO**, and/or other servants, agents and/or employees of the defendant **CITY**.

81. That by reason of the foregoing, Mr. **FARGHALY** was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue

her usual and regular activities; and upon information and belief her injuries are permanent in nature and effect.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF Mr. FARGHALY
## PENDENT CLAIMS OF ASSAULT AS AGAINST DEFENDANTS CITY, AGENT MITCHELL AND POLICE OFFICER SOTO:

82. The Mr. **FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 81, of this civil complaint as though fully plead and re-alleged in their entirety below.

83. That the above described assault that took place on November 2, 2015 at the subject times and place by the defendant **CITY** through and/or by the actions of its agents, servants and employees, namely Agent **MITCHELL** and Officer **SOTO**, constitutes intentionally, willfully, and maliciously assault upon Mr. **FARGHALY** in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Mr. **FARGHALY**, and that such acts caused apprehension of such contact in the Mr. **FARGHALY**.

84. By the reason of the foregoing, Mr. **FARGHALY**, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Mr. **FARGHALY** will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and Mr. **FARGHALY** has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and Mr. **FARGHALY** has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and Mr. **FARGHALY** will be unable to pursue Mr. **FARGHALY**'s usual duties with the same degree of efficiency as prior to this occurrence all to Mr. **FARGHALY**'s great damage.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF Mr. FARGHALY
## PENDENT CLAIMS OF BATTERY AS AGAINST DEFENDANTS CITY, AGENT MITCHELL AND POLICE OFFICER SOTO:

85. The Mr. **FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 84, of this civil complaint as though fully plead and re-alleged in their entirety below.

86. That the above described battery through and/or by the actions of its agents, servants and employees, namely Agent **MITCHELL** and Officer **SOTO** constitutes intentionally, willfully, and maliciously battery upon Mr. **FARGHALY**, when they, in a hostile and/or offensive manner punched Mr. **FARGHALY** in the face, touched and pulled Mr. **FARGHALY**'s hands backward and maliciously placed handcuffs tightly on his hand without his consent and with the intention of causing harmful and/or offensive bodily contact to the Mr. **FARGHALY** and caused such battery.

87. By the reason of the foregoing, Mr. **FARGHALY**, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Mr. **FARGHALY** will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and Mr. **FARGHALY** has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and Mr. **FARGHALY** has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and Mr. **FARGHALY** will be unable to pursue Mr. **FARGHALY**'s usual duties with the same degree of efficiency as prior to this occurrence all to Mr. **FARGHALY**'s great damage.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### ON BEHALF OF Mr. FARGHALY
### PENDENT CLAIMS OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANTS CITY, AGENT MITCHELL AND POLICE OFFICER SOTO:

88. The **Mr. FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 87, of this Complaint as though fully plead and re-alleged in their entirety below.

89. That the above described incident of November 2, 2015 by the defendant **CITY** through and/or by the actions of its agents, servants and employees, namely Agent **MITCHELL** and Officer **SOTO**, by assaulting, battering, arresting Mr. **FARGHALY**, when they had duty of care to avoid assaulting, battering and arresting persons whom they knew, or should have known, that he did not behave in a manner or conduct that warrant assault, battery and arrest but knowingly engaged in negligent conduct which is not expected or to be tolerated in a civilized society.

90. That at all times relevant herein, defendant, Agent **MITCHELL**, and Officer **SOTO** were acting within the scope of their employment, under the color of authority, and in furtherance of the interest of their employer, **CITY**.

91. That due to Defendant **CITY** and or by through its employees' negligent and outrageous conduct, the **Mr. FARGHALY**'s physical safety was endangered in that he was injured in mind and body, still suffers and upon information and belief, will continue to suffer extreme and great mental pain, and he was rendered severely emotionally and mentally distressed and so remains.

92. That such extreme and outrageous conduct shocks the conscious and **Mr. FARGHALY** demands damages there from each defendant acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to **Mr. FARGHALY**. The acts and conduct of the defendants were the direct and proximate cause of injury and damages to **Mr. FARGHALY** and violated **Mr. FARGHALY's** statutory and common law rights as guaranteed **Mr. FARGHALY** by the laws and Constitution of the State of New York.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF Mr. FARGHALY
### PENDENT CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANTS CITY, AGENT MITCHELL AND POLICE OFFICER SOTO

93. The **Mr. FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 92, of of this civil complaint as though fully plead and re-alleged in their entirety below.

94. That the Defendant **CITY**, by and through the actions of its employees, agents or subagents, to wit the Defendants Agent **MITCHELL** and Officer **SOTO**, engaged in extreme and outrageous conduct, namely the aforementioned assault and battery, false arrests and imprisonments, with the intent to cause, or with the intentional disregard of a substantial probability of causing, severe emotional distress to the **Mr. FARGHALY**.

95. That at all times relevant herein, defendant, Agent **MITCHELL** and Officer **SOTO** were acting within the scope of their employment, under the color of authority, and in furtherance of the interest of their employer, **CITY**.

96. That due to the Defendant **CITY** through and/or by the actions of through extreme and outrageous conduct, by and through the actions of its employees, agents or subagents, to wit the aforementioned Defendants Agent **MITCHELL**, and Officer **SOTO**, Mr. **FARGHALY** was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain and severe emotional distress.

97. That such extreme and outrageous conduct shocks the conscious, is not expected or to be tolerated in a civilized society, and **Mr. FARGHALY** demands damages therefrom.

### AS AND FOR A TEN CAUSE OF ACTION
### ON BEHALF OF Mr. FARGHALY
### PENDENT CLAIMS OF NEGLIGENCE IN HIRING AND RETAINING AS AGAINST DEFENDANT CITY

98. The **Mr. FARGHALY**, hereby incorporates by reference each and every preceding paragraphs 1 through 97, of this Complaint as though fully plead and re-alleged in their entirety below.

99. That the Defendants Agent **MITCHELL** and Officer **SOTO,** being employees of the Defendant **CITY,** lacked the experience, deportment and ability to be employed by Defendant **CITY**; in that Defendant **CITY** failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees, including Defendants Agent **MITCHELL** and Officer **SOTO,** who lacked the mental capacity and the ability to function as employees of Defendant **CITY**; in that the defendant police officer employees, lacked the maturity, sensibility and intelligence to be employed by Defendant **CITY**, in that Defendant **CITY** knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees as police officers; and, in that Defendant **CITY**, its agents, servants and/or employees were otherwise careless, negligent and reckless by hiring the Defendants Agent **MITCHELL** and Officer **SOTO**.

100. Defendant **CITY** knew, or should have known in the exercise of reasonable care, the propensities of Defendants Agent **MITCHELL** and Officer **SOTO** to engage in the wrongful conduct heretofore alleged in this Complaint.

101. That Defendant **CITY**, their agents, servants and employees in their failure exercise reasonable care to hire and retain, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York including, in this instance, **Mr. FARGHALY**.

102. That the Defendant, **CITY,** was careless and reckless in hiring and retaining its employees, to wit defendants Defendants Agent **MITCHELL** and Officer **SOTO**, in that said Defendants lacked the experience deportment and ability to be employed by the defendant **CITY**.

103. That the Defendant **CITY** failed to exercise due care and caution in its hiring and retaining practices, and in particular, in hiring and retaining the Defendant police officer employees who lacked

the mental capacity and the ability to function as an employee of the aforementioned Defendant; and in that they hired and retained as an employee of their police department individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendant employees lacked the maturity, sensibility, and intelligence to be employed by the Defendant **CITY**; in that the Defendant **CITY** knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees; and, in that the Defendant **CITY** their agents, servants and employees were otherwise careless, negligent, and reckless.

104. That the aforesaid occurrence, to wit, the improper and unreasonable hiring and retaining of Police Officer employees resulted in false arrest and imprisonment and malicious prosecution, and resulting injuries to mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of **Mr. FARGHALY**.

105. That by reason of the aforesaid, the **Mr. FARGHALY** was injured in Mind and Body, still suffers and upon information and belief, will continue to suffer great mental pain, and she was rendered emotionally and mentally distressed and so remains.

### AS AND FOR An ELEVENTH CAUSE OF ACTION
### ON BEHALF OF Mr. FARGHALY
### PENDENT CLAIMS OF NEGLIGENCE IN TRAINING AND SUPERVISING AGAINST DEFENDANT CITY

106. The **Mr. FARGHALY**, hereby incorporates by reference each and every preceding paragraphs 1 through 105, of this Complaint as though fully plead and re-alleged in their entirety below.

107. That the Defendants Agent **MITCHELL** and Officer **SOTO**, being employees of the Defendant **CITY**, lacked the experience, deportment and ability to be employed by Defendant **CITY**; in that Defendant **CITY** failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of Defendant **CITY**; in that the defendant employees lacked the maturity, sensibility and intelligence to be employed by Defendant **CITY**, in that Defendant **CITY** knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees; and, in that Defendant **CITY**, its agents, servants and/or employees were otherwise

careless, negligent and reckless. Further, the Defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

108. Defendant **CITY** knew, or should have known in the exercise of reasonable care, the propensities of Defendants Agent **MITCHELL** and Officer **SOTO** to engage in the wrongful conduct heretofore alleged in this Complaint.

109. That Defendant **CITY**, their agents, servants and employees in their failure exercise reasonable care to hire and retain, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York including, in this instance, the **Mr. FARGHALY**.

110. That the Defendant, **CITY,** was careless and reckless in training and supervising its employees, to wit Defendants Agent **MITCHELL** and Officer **SOTO**, in that said Defendants lacked the experience deportment and ability to be employed by the defendant **CITY**.

111. That the Defendant **CITY** failed to exercise due care and caution in its training and supervising practices, and in particular, in hiring and retaining the Defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendant; and in that it hired and retained as its employees, individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendants lacked the maturity, sensibility, and intelligence to be employed by the Defendant **CITY**; in that the Defendant **CITY** knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employee; and, in that the Defendant **CITY**, its agents, servants and employees were otherwise careless, negligent, and reckless.

112. That the aforesaid occurrence, to wit, the improper and unreasonable training and supervising employees resulted in the false arrest and imprisonment and malicious prosecution, and resulting injuries to mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendant **CITY**, its agents, servants and employees without any negligence on the part of **Mr. FARGHALY**.

113. That by reason of the aforesaid, **Mr. FARGHALY** was injured in Mind and Body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was rendered emotionally and mentally distressed and so remains.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**ON BEHALF OF Mr. FARGHALY**

### PENDENT CLAIMS OF ABUSE OF PROCESS AS AGAINST DEFENDANTS CITY, AND POLICE OFFICER SOTO:

114. The **Mr. FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 113 of this civil complaint as though fully plead and re-alleged in their entirety below.

115. That the above described actions of the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendant Officer **SOTO** constitutes State Law abuse of process being that they intentionally, willfully, and maliciously conspired and fabricated basis for criminal process of unlawful prosecution against **Mr. FARGHALY** as a regular practice, with the intent to cover up the above described assault and battery, do harm, the harm of incarceration without justification against the person of **Mr. FARGHALY**, and the defendants knowingly and intentionally conspired and used the process of prosecution in a perverted manner to prevent **Mr. FARGHALY** from instituting legal action for being unlawfully and unjustifiably assaulted, battered, arrested and detained.

116. By the reason of the foregoing, Mr. **FARGHALY**, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and **Mr. FARGHALY** will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and **Mr. FARGHALY** has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and **Mr. FARGHALY** has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and **Mr. FARGHALY** will be unable to pursue **Mr. FARGHALY**'s usual duties with the same degree of efficiency as prior to this occurrence all to **Mr. FARGHALY**'s great damage.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### ON BEHALF OF RANIA MOHAMED
### PENDENT CLAIMS OF LOSS OF CONSORTIUM AS AGAINST DEFENDANTS CITY, AGENT MITCHELL AND POLICE OFFICER SOTO:

117. The **Mr. FARGHALY** hereby incorporates by reference each and every preceding paragraphs 1 through 116 of this civil complaint as though fully plead and re-alleged in their entirety below.

118. That **RANIA MOHAMED** was and is the lawfully wedded spouse of **Mr. FARGHALY**.

119. That as a direct and proximate result of the above described actions of the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Agent **MITCHELL** and Officer **SOTO**, Plaintiff, **RANIA MOHAMED**, sustained significant and permanent injuries as more fully described above.

120. Before suffering the injuries resulting from the above described actions of the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Agent **MITCHELL** and Officer **SOTO**, **Mr. FARGHALY** was able to and did perform all the duties of a husband and did perform these duties, including but not limited to maintaining the home, providing love, companionship, affection, society, sexual relations, moral support, and solace to his wife, **RANIA MOHAMED**.

121. As a direct and proximate result of the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Agent **MITCHELL** and Officer **SOTO**, as acts and omissions as aforementioned as against **Mr. FARGHALY**, **RANIA MOHAMED** has been deprived of her husband's society, services, companionship and consortium, both in the past and in the future.

122. As a direct and proximate result of the Defendants **CITY** through and/or by the actions of its agents, servants and employees, namely Defendants Agent **MITCHELL** and Officer **SOTO**, as acts and omissions as aforementioned as against **Mr. FARGHALY**, **RANIA MOHAMED** has incurred and will continue to incur in the future, medical bills related to his wife's medical care and treatment.

123. Mrs **RANIA MOHAMED** suffered from loss of society and consortium as a result of the injuries to her husband.

124. By the reason of the foregoing, Mrs. **RANIA MOHAMED**, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Mrs. **RANIA MOHAMED** will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and Mrs. **RANIA MOHAMED** has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and Mrs. **RANIA MOHAMED** has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and Mrs. **RANIA MOHAMED**

will be unable to pursue Mrs. **RANIA MOHAMED**'s usual duties with the same degree of efficiency as prior to this occurrence all to Mrs. **RANIA MOHAMED**'s great damage.

**WHEREFORE**, the Plaintiffs **Mr. FARGHALY and RANIA MOHAMED** demand judgment against the defendants in an amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action and any other such relief as this honorable Court may deem just, fair and proper, to wit.

a. Compensatory damages in the sum which exceeds the jurisdictional limits of all lower courts.
b. Punitive damages where permitted in the sum which exceeds the jurisdictional limits of all lower courts.
c. Pursuant to §1988 An award of reasonable attorney's fees, costs and disbursements;
d. Mr. FARGHALY requests a trial by jury of all issues involved in this complaint;
e. Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: New York New York
       August 3, 2018

                                              _____/S/_____
                                              REHAN NAZRALI, Esq.
                                              305 Broadway, 14th Floor
                                              New York, NY 10007
                                              Tel: (212) 897-5882